UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                :

ALVIN SUAREZ, *on behalf of himself and all others*    :
*similarly situated*,                               :

               Plaintiffs,   :        23-cv-10140 (LJL)
                               :

       -v-                   :       <u>MEMORANDUM AND</u>
                               :          <u>ORDER</u>
LIQUID BLUE, INC.,                  :

              Defendant.   :

-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

     Plaintiff Alvin Suarez ("Plaintiff" or "Suarez") brings this action, on behalf of himself

and all others similarly situated, against defendant Liquid Blue, Inc. ("Defendant" or "Liquid

Blue"), alleging that Defendant has failed to provide blind and visually impaired persons equal

access to goods and services provided through Defendant's website in violation of the Americans

with Disabilities Act, the New York State Human Rights Law, the New York State Civil Rights

Law, and the New York City Human Rights Law.  Dkt. No. 1.

     This action has been marred by discovery challenges.  On February 14, 2024, Plaintiff

submitted a letter to the Court stating that although Plaintiff had served discovery demands,

including a notice of deposition, on Defendant on January 5, 2024, counsel for Defendant had

responded only to requests for admissions.  *See* Dkt. No. 8.  The Court held an initial conference

on March 6, 2024, at which counsel for Plaintiff and counsel for Defendant both appeared, and at

which the Court directed Defendant to respond to the outstanding discovery demands by March

20, 2024, and directed that the deposition of Plaintiff was to take place during the week of March

25 on a date to be agreed upon by the parties.  *See* Mar. 6, 2024 Minute Entry.  On March 28,

2024, Plaintiff submitted a letter to the Court stating that notwithstanding the Court's orders at the initial conference, Defendant had not responded to the outstanding discovery requests and had not responded to several follow-up communications from Plaintiff.  Dkt. No. 15.  The same day, Plaintiff moved, pursuant to Federal Rule of Civil Procedure 37, for an order compelling Defendant to produce the outstanding discovery.  Dkt. No. 17.  After receiving no response from Defendant, the Court issued an order on April 11, 2024, directing Defendant to respond to Plaintiff's motion to compel by April 15, 2024, and noting that if Defendant did not submit any opposition by that date that the Court would consider the motion to compel unopposed.  Dkt. No. 18.  On April 16, 2024, having received no opposition from Defendant, the Court granted the unopposed motion to compel and directed Defendant to produce all documents responsive to the discovery requests, answer all interrogatories, and identify its deposition witnesses by April 19, 2024.  Dkt. No. 19.

On April 26, 2024, Plaintiff submitted a letter to the Court stating that Defendant, in contravention of the Court's order, still had not responded to the outstanding discovery requests or identified its deposition witnesses.  Dkt. No. 20.  The Court directed Defendant to show cause by May 3, 2024, why sanctions should not be imposed under Rule 37 for failure to comply with a discovery order.  Dkt. No. 21.  On May 6, 2024, after Defendant did not submit a response to the Court's order, Plaintiff requested that sanctions be imposed and that new discovery deadlines be set.  Dkt. No. 22.

## DISCUSSION

Federal Rule of Civil Procedure 37(b) provides for a range of "sanctions for failure to obey discovery orders."  *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017).  Once it is determined that a party failed to comply with a discovery order, the Court may impose "just orders" or sanctions including:

2

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders above," Rule 37(b) also provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "Sanctions may be granted against a party under Rule 37(b)(2) if there is noncompliance with an order, 'notwithstanding a lack of wilfulness [sic] or bad faith, although such factors are relevant . . . to the sanction to be imposed for the failure.'" *Henry v. Miller*, 2019 WL 5865643, at *2 (S.D.N.Y. Sept. 9, 2019), *report and recommendation adopted*, 2019 WL 5865094 (S.D.N.Y. Nov. 8, 2019), *and objections overruled*, 2019 WL 6038090 (S.D.N.Y. Nov. 14, 2019) (quoting *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 134989, at *4 (S.D.N.Y. Jan. 17, 2003)).

Courts have broad discretion to order sanctions under this Rule. *See Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002); *see also Burrell v. Am. Tel. & Tel. Corp.*, 282 F. App'x 66, 67 (2d Cir. 2008) (summary order). Numerous factors are relevant to the exercise of this discretion, "including: (1) the willfulness of the non-compliant party or the

3

reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance, and (5) whether the non-compliant party had been warned of the consequences of his non-compliance." *Handwerker*, 211 F.R.D. at 208. "In addition, an award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general." *Id.*

"The 'mildest' sanction 'is an order to reimburse the opposing party for expenses caused by the failure to cooperate.'" *Seena Int'l, Inc. v. One Step Up, Ltd.*, 2016 WL 2865350, at *11 (S.D.N.Y. May 11, 2016) (quoting *Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)). "Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Id.* "If monetary sanctions are not sufficient, more stringent orders may be issued, including adverse inference orders, preclusion orders prohibiting the introduction of evidence on particular points, and orders deeming disputed issues determined adversely to the position of the disobedient party." *Focus 2000 Corp.*, 2017 WL 2840279, at *10 (internal quotation marks omitted). Although the Court should consider the actual difficulties that a violation causes as well as less drastic responses before ordering preclusion, "preclusion orders are entirely appropriate where the disobedient party has violated a court order to produce the evidence necessary to resolve the issue as to which preclusion is sought." *Id.* "Where the discovery misconduct has deprived the opposing party of key evidence needed to litigate a contested issue, an order prohibiting the disobedient party from contesting that issue—or simply directing that the matter be taken as established—is also appropriate." *Id.* at *11.

Defendant has plainly failed to comply with several of the Court's discovery orders in this action.  First at the initial conference, the Court ordered Defendant to respond to all discovery demands by March 20, 2024, and to coordinate with Plaintiff so that the deposition of Plaintiff could occur during the week of March 25, 2024.  *See* Mar. 6, 2024 Minute Entry.  Next, on April 16, 2024, the Court ordered Defendant to produce all documents responsive to the outstanding discovery requests, answer all interrogatories, and identify its deposition witnesses by April 19, 2024.  Dkt. No. 19.  Finally, when Defendant failed to comply with those orders, the Court directed Defendant to show cause why it should not be sanctioned for its failure to comply with the Court's discovery orders.  Dkt. No. 21.  Defendant failed to respond, and has thereby failed to show cause why this Court should not impose sanctions.

The Court finds that monetary sanctions are appropriate at this stage.  Counsel for Defendant was present at the initial conference, during which the parties discussed outstanding discovery requests and the Court issued the first of several orders with respect to discovery.  *See* Mar. 6, 2024 Minute Entry.  Defendant has been given notice that noncompliance with the Court's orders would result in sanctions.  *See* Dkt. No. 21.  Defendant's noncompliance has been an issue in this action for nearly three months, delaying the proceedings and causing Plaintiff to incur additional costs pursuing the action.  Because Rule 37(b)(c)(2) requires that the Court award attorneys' fees and costs—unless the failure to comply was "substantially justified" or "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(b)(2)(C), neither of which is applicable here—Plaintiff is entitled to attorneys' fees and costs incurred in connection with its efforts to obtain the discovery to which it is entitled.  Should Defendant continue to fail to comply with the Court's discovery orders, further sanctions may be warranted.

## CONCLUSION

Defendant shall pay Plaintiff's reasonable attorneys' fees and costs incurred to obtain the

discovery to which Plaintiff is entitled.  Plaintiff is directed to file a fee application, supported by declarations or affidavits substantiating its application, consistent with this memorandum and order by May 21, 2024.  Defendant may respond to that application by June 4, 2024, and Plaintiff may submit a reply by June 11, 2024.

Defendant is directed to respond to the still outstanding discovery requests by May 21, 2024.

SO ORDERED.

Dated: May 7, 2024
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge