```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
ALVIN SUAREZ, on behalf of himself and all others                    :
similarly situated,                                                  :
                                                                     :
                              Plaintiffs,                            :        23-cv-10140 (LJL)
                                                                     :
            -v-                                                      :      MEMORANDUM AND
                                                                     :            ORDER
LIQUID BLUE, INC.,                                                   :
                                                                     :
                              Defendant.                             :
                                                                     :
---------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/12/2024

LEWIS J. LIMAN, United States District Judge:

Plaintiff Alvin Suarez ("Plaintiff" or "Suarez") brings this action, on behalf of himself and all others similarly situated, against defendant Liquid Blue, Inc. ("Defendant" or "Liquid Blue"), alleging that Defendant has failed to provide blind and visually impaired persons equal access to goods and services provided through Defendant's website in violation of the Americans with Disabilities Act, the New York State Human Rights Law, the New York State Civil Rights Law, and the New York City Human Rights Law. Dkt. No. 1. On May 7, 2024, the Court issued a Memorandum and Order imposing sanctions on Defendant under Federal Rule of Civil Procedure 37 for failure to obey this Court's discovery orders, in the form of the payment of Plaintiff's reasonable attorneys' fees and costs incurred to obtain the discovery to which Plaintiff was entitled. Dkt. No. 23. The Court directed that Plaintiff file a fee application by May 21, 2024, that Defendant respond by June 4, 2024, and that Plaintiff reply by June 11, 2024. *Id.* at 6.

Plaintiff submitted an application for $8,160.00 in attorneys' fees based on 20.4 hours spent to obtain discovery at a rate of $400.00 per hour. Dkt. No. 24. Defendant failed to respond. Plaintiff submitted a reply letter noting that Defendant did not oppose the fee

application, and requesting that the Court to grant the fee application.  Dkt. No. 25.

As a general matter, the "starting point" and "lodestar" in analyzing whether claimed attorney's fees are appropriate is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Milea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *see also Lilly v. City of New York*, 934 F.3d 222, 227–34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended).  The party seeking fees bears the burden of demonstrating that its requested hours and hourly rates are reasonable, and must provide a court with sufficient information to assess the fee application. *See, e.g.*, *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512–13 (S.D.N.Y. 2011).  This approach is intended to "produce[] an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (emphasis in original); *see also Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 289–90 (2d Cir. 2011).

A court's focus is "on setting a reasonable hourly rate, taking account of all case-specific variables." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Bd. of Elections*, 522 F.3d 182, 189 (2d Cir. 2008).  "The reasonable hourly rate is the rate a paying client would be willing to pay," bearing in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 190.  When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, the court may reduce the requested rate. *See Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).  A reasonable hourly rate is one "in line with . . . prevailing [rates]" in the district where the court sits "for similar services by lawyers of reasonably comparable skill, expertise and

reputation." *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Courts also "look to the area of legal practice at issue," because "legal markets are today so interconnected that it is no longer meaningful, in assessing a reasonable rate, to look at geographic location alone." *J.G. v. N.Y.C. Dep't of Educ.*, 2024 WL 728626, at *3 (S.D.N.Y. Feb. 22, 2024). In setting a reasonable hourly rate, the Court should consider, *inter alia*, the "*Johnson* factors" enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989). *Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 475 (S.D.N.Y. 2009) (citing *Arbor Hill*, 522 F.3d at 187).[1] In determining what a reasonable client would be willing to pay, the Second Circuit in *Arbor Hill* specifically instructs courts to:

> [C]onsider factors including, but not limited to the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

522 F.3d at 184.

---

[1] The twelve *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. A district court need not, however, recite and make specific findings as to all twelve *Johnson* factors, provided it takes each into account. *Lochren v. County of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009) (summary order).

Once a reasonable rate of pay has been calculated, it is multiplied by a reasonable number of hours expended to determine the award amount. In this process, the court has discretion to disregard hours viewed as "excessive, redundant, or otherwise unnecessary." *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The Court finds that $300.00 an hour is an appropriate hourly fee for Plaintiff in seeking and obtaining discovery. Plaintiff was awarded fees at that rate in 2023 in the Eastern District of New York. *Hennessy v. Homecoming Williamsburg*, 2023 WL 2324594, at *6 (E.D.N.Y. Mar. 2, 2023). Although courts have found that fees of $350.00 to $425.00 an hour are reasonable in ADA cases, *see, e.g.*, *Kreisler v. Second Ave. Diner Corp.*, 2013 WL 3965247, at *2 (S.D.N.Y. July 31, 2013); *Feltzin v. Ciampa Whitepoint LLC*, 2017 WL 570761, at *2 (E.D.N.Y. Feb. 13, 2017), the work on discovery was not particularly complex and did not involve great risk. The Court also finds that Plaintiff's hours submitted from January 3, 2024 to May 6, 2024, with the exception of the hours from February 20, 2024 to March 6, 2024, were incurred to obtain discovery and were reasonable. The Court therefore awards Plaintiff $3,960.00 in attorneys' fees, calculated by multiplying 13.2 hours reasonably spent seeking discovery by an hourly rate of $300.00 per hour, to be paid by Defendant to Plaintiff no later than June 20, 2024.

## CONCLUSION

Plaintiff's motion for attorneys' fees and costs is GRANTED IN PART AND DENIED IN PART.  The Court awards Plaintiff $3,960.00 in attorneys' fees, to be paid by Defendant no later than June 20, 2024.

The Clerk of Court is respectfully directed to close Dkt. No. 24.


SO ORDERED.

Dated: June 12, 2024
      New York, New York
                                             LEWIS J. LIMAN
                                       United States District Judge